*159 Supreme Court of Florida
E. Harris Drew, Chief Justice
Tallahassee
March 8, 1956
Division A' Division B
Justices Justices
Glenn Terrell Elwyn Thomas
Tl Frank Hobson B. K. Roberts ■
Campbell Thornal Stephen C. O’Connell
Guyte P. McCord, Clerk D. B. Mayo, Jr., Marshal
Honorable LeRoy Collins
Governor, State of Florida
The Capitol
Tallahassee, Florida
Sir:
We have your letter of 2 March 1956,. requesting, by virtue of Sec. 13 of Article IV of the Constitution, our opinion as to the interpretation of the Constitution upon a question affecting the duty imposed upon you by Sec. 6 of Article IV to see that the laws are faithfully executed.
We understand that the Judge of the Civil and Criminal Court of Record of Pinellas County has entered an order of disqualification in a case pending in that court, in which the plaintiffs are seeking damages in the sum of $4,999; that there is but one other Civil Court of Record in the State having jurisdiction of cases at law in which the amount involved does not exceed, “exclusive of interest and cost,” five thousand dollars.
We undertake to answer your questions whether or not (a) the Judge of the Civil Court of Record of Dade County may be assigned to try the case in the Civil and Criminal Court of Record of Pinellas County, and (b) whether or not a circuit judge may be designated to hear the cause.
We dealt with a similar problem in our Advisory Opinion to the Governor reported in Fla., 58 So.2d 319. A judge of a small claims court was disqualified and the act creating the court contained no provision for assignment of judges in cases of disqualification. We expressed the opinion that Sec. 38.09, Florida Statutes 1951, and F.S.A., furnished the authority for the assignment of the judge of another small claims court, provided the court over which he presided had jurisdiction as extensive as tlie court to which he was being assigned.
Although both the Civil and Criminal Court of Record of Pinellas County and the Civil Court of Record of Dade County have jurisdiction to try cases involving amounts up to $5,000, the Civil and *160 Criminal Court of Record of Pinellas County has broader jurisdiction than the Civil Court of Record of Dade County. The former has “jurisdiction to try and determine all violations of the Criminal laws of the State of Florida constituting misdemeanors, which arise in Pinellas County”, Chapter 27258, Laws of Florida, Acts of 1951, while the latter has no criminal jurisdiction. Secs. 33.02, 33.14, Florida Statutes 1951, and F.S.A. Consequently a decision that the Judge of the Civil Court of Record of Dade County could be assigned to try a case in the Civil and Criminal Court of Record of Pinellas County would not harmonize with the opinion we have cited.
But we think that the section of the statutes which we held authorized such transfers is ample authority for your designating a circuit judge to decide the case in question. It contains no restrictions with reference to the judge to be assigned but simply provides that in the event of disqualification, the governor shall designate “another judge.” It is our view that your difficulty may in this way be overcome. Certainly no hiatus should prevent the litigants in the case from securing a prompt adjudication and we think such a situation may be avoided by the designation of a circuit judge to preside at the trial in the Civil and Criminal Court of Record in Pinellas County.
Respectfully yours
E. HARRIS DREW, Chief Justice
GLENN TERRELL,
ELWYN THOMAS,
T. FRANK HOBSON,
B. K. ROBERTS,
CAMPBELL THORNAL,
STEPHEN C. O’CONNELL, Justices.